IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GRACE MILES,

    Appellant,

    v.

ROYCE MAKISHIMA, et al.,

    Appellees.
    /

No. C-08-4091 MMC

**ORDER DENYING APPELLANT'S MOTION TO DISQUALIFY MORGAN LEWIS; VACATING HEARING**

    Before the Court is appellant Grace Miles's ("Miles") "Motion to Disqualify Morgan Lewis from Representation of Client," filed December 5, 2008. Appellees Royce Lee Makishima and A.G. Edwards & Sons, Inc. have filed opposition. No reply has been filed. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision thereon, hereby VACATES the hearing scheduled for January 9, 2009, and rules as follows.[1]

    As appellees point out, Miles's motion is governed by the California Rules of Professional Conduct and, in particular, Rule 3-310(E), which provides: "A member shall not, without the informed written consent of the client or former client, accept employment adverse to the client or former client where, by reason of the representation of the client or former client, the member has obtained confidential information material to the

---

[1] Miles's "Emergency Motion for Hearing Continuance," filed December 29, 2008, is hereby DENIED. The hearing, as noted, has been vacated, and Miles has failed to show good cause for an extension to file a reply.

1 employment." See Cal. R. Prof'l Conduct 3-310(E); see also Civ. L.R. 11-4(a)(1) (providing
2 members of bar of United States District Court for Northern District of California must
3 "comply with the standards of professional conduct required of members of the State Bar of
4 California").

5       Under Rule 3-310(E), "[i]n successive representation cases, a party may obtain the
6 disqualification of an attorney by establishing that the targeted attorney (1) has actual
7 knowledge of material confidential information or (2) is <u>presumed</u> to have acquired
8 confidential information." See <u>Med-Trans Corp. v. City of California City</u>, 156 Cal. App. 4th
9 655, 664-65 (2007) (internal quotation and citation omitted; emphasis in original).  As to the
10 latter, "the governing test requires that the client demonstrate a '<u>substantial relationship</u>'
11 between the subjects of the antecedent and current representations." See <u>id.</u> at 665
12 (quoting <u>Flatt v. Superior Court</u>, 9 Cal. 4th 275, 283 (1994)) (emphasis in original).  Where
13 such relationship is demonstrated, "access to confidential information by the attorney in the
14 course of the first representation . . . is <u>presumed</u>." See <u>id.</u> (quoting <u>Flatt</u>, 9 Cal. 4th at 283)
15 (emphasis in original).

16       Here, as appellees note, Miles has failed to demonstrate either that any Morgan,
17 Lewis & Bockius, LLP ("Morgan Lewis") attorney has actual knowledge of confidential
18 information material to the instant action or that there is a "substantial relationship," <u>see id.</u>,
19 between the instant action and the matter in which Joseph E. Floren ("Floren"), now an
20 attorney with Morgan Lewis, represented Miles prior to Floren's affiliation with Morgan
21 Lewis.  Miles does not assert Floren has acquired actual knowledge of any such material
22 confidential information; rather, Miles relies solely on the second part of the <u>Med-Trans</u>
23 test.  In particular, Miles states, in conclusory fashion, that "Morgan Lewis' representation"
24 of appellees herein is "substantially related to the type of matters handled by Floren, Landy,
25 Steefel, Levit, Weis." (<u>See</u> Mot. at 3:1-3.)[2]  Miles has failed to submit any evidence,

26

---

27     [2]"Floren, Landy, Steefel, Levit, Weis" appears to be a reference to Floren, Daryl S.
28 Landy (discussed <u>infra</u>), and Steefel, Levitt & Weis, P.C., said attorneys' former firm.  (<u>See</u> Floren Decl. ¶¶ 2, 4.)

however, to contradict appellees' showing that the case in which Floren represented Miles concerned a regulatory proceeding to enforce an arbitration award obtained against Miles by her former employer in a matter that appears wholly unrelated to the subject of the instant bankruptcy appeal.  (See Floren Decl. ¶ 2.)

Further, although Miles "believes" that Daryl S. Landy ("Landy"), another attorney currently at Morgan Lewis, "worked with [Floren] on her case" (see Mot. at 2:7-8), Miles provides no evidence to contradict appellees' showing that Landy has "never provided any legal advice to Miles . . . never performed any legal work for Miles or assisted any other attorney in providing legal work for Miles . . . [and] never engaged in any attorney-client privileged communications with Miles."  (See Landy Decl. ¶ 4.)[3]

Accordingly, because Miles has failed to show that either Floren or Landy is disqualified from representing appellees in the instant action, the motion to disqualify Morgan Lewis is hereby DENIED.[4]

**IT IS SO ORDERED.**

Dated: January 5, 2009

_____
MAXINE M. CHESNEY
United States District Judge

---

[3] Miles's "information and belief" that Landy and Floren "were and still are involved in some of the horrible actions that Miles alleges in her complaints from state and bankruptcy courts" (see Mot. at 3:21-24) likewise fails to contradict appellees' evidence or to otherwise make the requisite showing for disqualification.

[4] In light of the above findings, the Court does not reach appellees' alternative arguments in opposition to the instant motion.