IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GRACE MILES,

    Appellant,

  v.

ROYCE LEE MAKISHIMA, et al.,

    Appellees.
                                 /

No. C-08-4091 MMC

**ORDER DENYING APPELLANT'S OBJECTION & REQUEST; ORDER RE: APPELLANT'S FEBRUARY 4, 2009 NOTICE OF APPEAL**

       Before the Court is appellant Grace Miles's ("Miles") "Objection & Request," filed February 4, 2009, by which Miles "objects" to the Court's Order Denying Appellant's Motion to Disqualify Morgan Lewis, filed January 5, 2009 ("January 5 Order"), in light of Miles's having filed a Notice of Appeal on January 2, 2009 pertaining to a matter unrelated to her Motion to Disqualify Morgan Lewis.  Miles additionally requests that a hearing on her Motion to Disqualify Morgan Lewis "be put on calendar."  (See Objection & Request at 1:26.)

       Also before the Court is Miles's "Notice of Appeal," filed February 4, 2009, by which Miles purports to appeal the Court's January 5 Order and states that "[i]f Miles is able to have requested hearing (see filed 'Objection and Request'), then she will withdraw this appeal."  (See Notice of Appeal at 1:19-20.)

       Having read and considered Miles's filings, the Court rules as follows.

1. With respect to Miles's Objection & Request, to the extent Miles asserts the Court lacked jurisdiction to enter the January 5 Order, the Court construes such Objection & Request as a motion for leave to file a motion for reconsideration. So construed, the Court finds Miles has failed to show good cause for the relief requested, as there is a "deficiency" in Miles's January 2, 2009 Notice of Appeal that "is clear to the district court." See Ruby v. Sec'y of U.S. Navy, 365 F.2d 385, 389 (9th Cir. 1966) (holding, where deficiency in notice of appeal "is clear to the district court, it may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction"). In particular, the relief Miles seeks by such Notice of Appeal is exclusively available, if at all, from the Court of Appeals. See id. Further, to the extent Miles seeks a hearing on her Motion to Disqualify Morgan Lewis, such request is moot, as the Court has ruled on said motion.

Accordingly, Miles's Objection & Request is hereby DENIED.

2. With respect to Miles's Notice of Appeal, filed February 4, 2009, the "deficiency" in such Notice of Appeal likewise is "clear to the district court." See Ruby, 365 F.2d at 389. Specifically, "a district court's order denying a motion to disqualify counsel is not appealable under [28 U.S.C.] § 1291 prior to final judgment in the underlying litigation." See Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 379 (1981).

Accordingly, Miles's opening brief in the instant action remains due no later than February 20, 2009.

**IT IS SO ORDERED.**

Dated: February 10, 2009

_____
MAXINE M. CHESNEY
United States District Judge