IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRACE MILES, | No. C-08-4091 MMC |
|     Appellant, | **ORDER DENYING APPELLEES' MOTION FOR ORDER DECLARING GRACE MILES A VEXATIOUS LITIGANT** |
|     v. | |
| ROYCE LEE MAKISHIMA, et al., | |
|     Appellees. / | |

Before the Court is appellees' Royce Lee Makishima ("Makishima") and A.G. Edwards & Sons, Inc.'s ("AGE") Motion for Order "(I) Declaring Grace Miles a Vexatious Litigant; and (II) Prohibiting Grace Miles from Filing Identified Actions, Motions and Other Pleadings Without, Prior to Each Such Filing: (A) Posting a Bond in the Amount of $5,000; and (B) Obtaining Leave of this Court," filed March 12, 2009. No opposition has been filed. Having read and considered the papers filed in support of the motion, the Court rules as follows.[1]

**DISCUSSION**

A district court has "inherent power to enter pre-filing orders against vexatious litigants." See Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007). Such an order, however, is "an extreme remedy that should rarely be used." See id. Prior

---

[1] On August 12, 2009, the Court vacated the August 14, 2009 hearing on the instant motion. On August 14, 2009, Miles filed a request for an order setting a new hearing date thereon. In light of the Court's ruling herein, Miles's request is DENIED as moot.

1  to entering a pre-filing order, a court "must make substantive findings about the frivolous or
2  harassing nature of the plaintiff's litigation." See id.  In that regard, the court "must look at
3  both the number and content of the filings." See id. at 1059 (internal quotation and citation
4  omitted); see also Neitzke v. Williams, 490 U.S. 319, 325 (1989) (holding, in context of in
5  forma pauperis statute, complaint is "frivolous" where it "lacks an arguable basis either in
6  law or in fact").  Additionally, any pre-filing order "must be narrowly tailored to fit the specific
7  vice encountered."  See Molski, 500 F.3d at 1057 (internal quotation and citation omitted).

Here, appellees request an order prohibiting appellant Grace Miles ("Miles") from filing any of the following, prior to posting a bond in the amount of $5000 and obtaining leave of this Court: (1) actions "based upon allegations of stalking, surveillance, trespass, 'gaslighting,' harassment, or any other allegations identical or similar to those upon which Miles premised [the action underlying the instant appeal]" ("Harassment Allegations"); (2) motions, applications, or other requests for injunctive relief against the "Target Parties" based on such allegations[2]; (3) notices, motions, applications, or other requests "for removal, withdrawal of the reference, changes of venue or any other type of transfer from one court or judge to another of any proceeding that is based upon the Harassment Allegations"; (4) motions, applications, or other requests to disqualify Morgan, Lewis & Bockius LLP ("Morgan Lewis") as counsel for "any party in any proceeding by Miles that is based upon the Harassment Allegations"; and (5) motions, applications, or other requests for "extensions, continuances or other relief based upon Miles's alleged inability to find counsel."  (See Proposed Order at 1:17-2:4.)  As set forth below, the Court finds appellees have failed to show such an order is warranted.

**A.     Future Actions**

In support of their request for an order restricting Miles's ability to file future actions, appellees point to three actions filed by Miles: (1) the action underlying the instant appeal

---

[2]Appellees define the "Target Parties" as: Makishima; his wife; AGE; current or former employees of AGE; Morgan, Lewis & Bockius, LLP ("Morgan Lewis"); and any individual attorneys of Morgan Lewis. (See Proposed Order at 2:5-11.)

("State Court Action"),[3] (2) an action in the United States Bankruptcy Court for the Eastern District of California seeking a determination "that [Miles's] State Court Action claims were nondischargeable" in a related bankruptcy action filed by Makishima and his wife ("Nondischargeability Action") (see Mot. at 9:19-21),[4] and (3) an action filed before another judge of this Court, Grace Miles v. Royce Makishima, et al., No. CV 08-4275 JSW ("District Court Action").[5]  Although the number of actions filed by a plaintiff is not necessarily dispositive of the issue, the number here is relatively low as compared with the number commonly involved in a vexatious litigant motion.  See DeLong v. Hennessey, 912 F.2d 1144, 1147 (9th Cir. 1990) (citing cases involving 35, "over 50," and "over 600" actions); see also Czajkowski v. Reed Elsevier, Inc., No. 07 CV 2383 JM (LSP), 2008 WL 789928, at *8 (S.D. Cal. Mar. 20, 2008) (finding three actions insufficient to support vexatious litigant order where record "[did] not support a finding that [the plaintiff's] activities were substantially numerous or abusive"; citing DeLong); Weaver v. CCI Director, No. CV F 06 1343 AWI WMW P, 2006 WL 3834401, at *1 (E.D. Cal. Dec. 26, 2006), report and recommendation adopted by slip op. (E.D. Cal. May 11, 2009) (finding plaintiff was vexatious litigant where plaintiff had filed 142 prisoner civil rights cases in single court); Fallon v. Government, No. CIV S-06-1227 FCD GGH PS, 2006 WL 2827697, at *1 (E.D.

---

[3] The State Court Action was filed in 2004, removed to this Court on February 22, 2006, and remanded to state court on September 25, 2006.  (See Schroeder Decl. ¶ 6.)  A bench trial was conducted from June 12, 2007 to July 5, 2007, after which, on October 12, 2007, the state court issued a "Tentative Statement of Decision" adjudicating all of Miles's claims in favor appellees.  (See id. ¶¶ 7-8.)  On April 28, 2008, Miles removed the State Court Action to the United States Bankruptcy Court for the Northern District of California ("Northern District Bankruptcy Court").  (See id. ¶ 31.)  On July 16, 2008, the Northern District Bankruptcy Court remanded the action.  (See id. ¶ 36.)  The instant appeal sought review of the Northern District Bankruptcy Court's remand order.

[4] On September 28, 2007, prior to the state court's issuance of its Tentative Decision, Makishima and his wife filed a petition for bankruptcy in the United States Bankruptcy Court for the Eastern District of California.  (See Schroeder Decl. ¶ 18.)  On November 21, 2008, the Nondischargeability Action was dismissed, essentially as moot, in light of the subsequent entry of judgment in appellees' favor in the State Court Action.  (See id. ¶ 30 & Ex. 36.)

[5] On July 30, 2009, the District Court Action, prior to service on any defendant, was dismissed by the court after Miles failed to pay the filing fee and file an amended complaint within the time provided.  (See Order filed July 30, 2009 in Case No. CV-08-4275 JSW.)

3

1  Cal. Sept. 29, 2006), report and recommendation adopted by slip. op. (E.D. Cal. Nov. 16,
2  2009) (finding plaintiff was vexatious litigant where plaintiff had filed 85 actions in single
3  court). But see Boustred v. Government, No. C-08-00546 RMW, 2008 WL 4287570, at *2
4  (N.D. Cal. Sept. 17, 2008) (finding three actions sufficient to support vexatious litigant order
5  where actions contained "similar rambling, largely incomprehensible claims" and named
6  "numerous defendants including ones having no connection" with conduct alleged).

7        Appellees argue, essentially, that the latter two actions filed by Miles were
8  duplicative, and thus, harassing. See DeLong, 912 F.2d at 1148 (holding vexatious litigant
9  order may issue where district court makes finding that party's claims "show a pattern of
10 harassment"). The Court cannot conclude, however, on the record before it, that the
11 above-referenced actions demonstrate "a pattern of harassment." See id. at 1148 n.3
12 (holding district court must "be careful not to conclude that particular types of actions filed
13 repetitiously are harassing"; noting court must "discern whether the filing of several similar
14 types of actions constitutes an intent to harass the defendant or the court"). In particular,
15 the State Court Action, although ultimately adjudicated in appellees' favor, was not
16 dismissed at the pleading stage and indeed proceeded through a trial on the merits. (See
17 Schroeder Decl. ¶ 7.) Moreover, the Nondischargeability Action was prompted by the
18 bankruptcy filing of Makishima and his wife, and although appellees dispute Miles's intent in
19 filing such action, they concede the filing was "required . . . in order to protect her alleged
20 State Court Action claims from being discharged." (See Mot. at 10 n.6.) Lastly, although
21 the District Court Action contained some allegations that overlapped with those of the State
22 Court Action, the District Court Action was based largely on events alleged to have
23 occurred subsequent to the filing of the State Court Action, specifically, events that
24 occurred during the pendency thereof. (See Schroeder Decl. Ex. 47 (Complaint in District
25 Court Action) at 4:5-5:12.)

26 **B.   Future Motions**

27     To the extent appellees seek an order restricting Miles's ability to file motions or
28 notices of removal in any pending case, the Court notes that each of the cases initially

pending before the undersigned has been closed, and appellees have failed to cite any authority suggesting the Court has the power to restrict motion practice in cases currently pending before other members of the bench, let alone those pending before judges of courts other than the United States District Court for the Northern District of California.[6]

## CONCLUSION

For the reasons stated above, appellees' motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated:  August 14, 2009

_____
MAXINE M. CHESNEY
United States District Judge

---

[6] The Clerk's records reflect no case currently pending in this District to which Miles is a party.

5